STEVE STUCK AND MARK PATTEN *v.* STATE OF INDIANA

[No. 1-1176A228. Filed December 22, 1977.]

*Brian W. Smith*, of Farmersburg, *David L. Hester*, of Farmersburg, for appellants.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

LYBROOK, J. — Steve Stuck and Mark Patten, defendants-appellants, bring this appeal following their conviction of the

crime of robbery[1] and their acquittal of the crime of murder.[2]

The appellants have raised a combined total of 136 allegations of error in their respective motions to correct errors.

The appellants' brief is defective to the point that the appellants are presenting virtually nothing for our review. The Attorney General has directed our attention to the numerous inadequacies of the brief and the resulting waiver of the asserted issues. However, after carefully studying the briefs and the record, we feel that a resolution on the merits is necessary. We have further decided that in its present condition, the appellants' combined brief is totally inadequate and must be redone. *Adams v. State* (1973), 261 Ind. 191, 301 N.E.2d 368; *Frances v. State* (1974), 261 Ind. 461, 305 N.E.2d 883. It is the function of appellants' briefs to present the case for appeal. That function is not satisfied by a general allusion to legal principles and references to the record which do no more than suggest that should the court study the transcript it may find that an error was committed. In the argument portion of their brief appellants have purportedly grouped as many as thirty-nine (39) assignments of error with no specifications of their content except a numerical reference. The brief totally fails to disclose an effort to specifically set forth a properly assigned error (or errors presenting the same question) and follow it with a cogent presentation showing precisely how the law and the facts demonstrate that error.

The attorney for the appellants is hereby directed to rebrief this case in accordance with the Rules of Appellate Procedure. The specific defects which must be corrected include, but are not limited to, the following: failure to cite appropriate authority, failure to present a cogent argument, failure to even attempt to demonstrate prejudice, and failure to properly group errors presenting basically the same issues. The attorney for the appellants is hereby granted 45 days in which to rebrief this matter. The Attorney General is given 30 days from the filing of appellants' amended brief in which to file an answer brief. The

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.).
2. IC 1971, 35-13-4-1 (Burns Code Ed.).

appellants shall have then 15 days in which to file their reply brief.

We feel it is incumbent upon us to grant the appellants 45 days in which to re-brief their case since the trial attorney (Brian W. Smith) the trial attorney who also prepared the original appellants' brief, has withdrawn his appearance for reasons not connected with this appeal. The present attorney of record (David L. Hester) should be granted the additional time in which to prepare the brief.

The Clerk of this court is hereby ordered to mail copies of this opinion to each attorney of record by certified mail with return receipt requested. The date of the return receipt shall commence the running of the above mentioned time periods.

Robertson, C.J., concurs.

Garrard, J., (participating by designation) concurs.

NOTE—Reported at 370 N.E.2d 957.