Larry B. MOORE, Appellant-defendant,

v.

STATE of Indiana, Appellee-plaintiff.

No. 3–1280A385.

Court of Appeals of Indiana,
Fourth District.

Sept. 29, 1981.

---

Robert L. DeLoney, Atty. at Law, Gary, for appellant-defendant.

Linley E. Pearson, Atty. Gen., for Indiana.

Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Presiding Judge.

Larry Moore was convicted of four counts of Assisting a Criminal, a Class C Felony, Ind. Code 35–44–3–2. His codefendant, Moses Wilson, was convicted of one count of Murder and three counts of Attempted Murder. Moore was sentenced to eight years for each of the four counts, all to be served concurrently.

He appeals and raises two issues: severance of trials and sufficiency of the evidence. However, we believe appellant's brief is defective to the degree that, in reality, we have no appeal before us at all. Therefore we feel compelled to order appellant to rebrief this cause in compliance with the rules of this court. *Frances v. State* (1974) 261 Ind. 461, 305 N.E.2d 883; *Stuck v. State* (1977) Ind.App., 370 N.E.2d 957. For instructional purposes we will discuss the counsel's most significant errors.[1]

### RECORD OF THE PROCEEDINGS

In Indiana it is the appellant's duty to present a complete and adequate record to enable this court to review the issues raised, *e. g., Stephens v. State* (1973) 260 Ind. 326, 295 N.E.2d 622; *Dunbar v. State* (1974) 160 Ind.App. 191, 311 N.E.2d 447. This duty, however, does not mandate the transmission of the *entire* record for every appeal. Indiana Rules of Appellate Procedure 7.2(B) clearly states the contrary: "Neither party shall request parts of the record or a transcript of the proceedings which are not needed for the issues to be asserted upon the appeal." Thus it is the

---

1. The brief contains many grammatical, semantic and typographical errors; we suggest appellant carefully proof his next brief. Appellant is also advised to follow Ind. Rules of Appellate Procedure 8.3(A) as to the arrangement of his brief.

appellant's duty to scrutinize the issues to be raised and tailor the praecipe in order to obtain the *relevant* portions of the record. When an appellant files his praecipe and unnecessarily requests the entire record, it wastes the time of the clerk of the trial court in assemblying the various documents and entries, increases the expense to either the client or taxpayer, wastes the time of the appellate tribunal and uses valuable storage space needed by the Clerk of the Supreme Court and Court of Appeals.

In addition we must stress the finality of the praecipe decision. The clerk must provide exactly what the appellant has requested and must later certify that the compiled record contains an accurate copy of all of the proceedings requested in the praecipe, no more and no less. Once an appellant has requested the entire record (or failed to specify which parts of the record he deems necessary to his appeal)[2] he is bound by that decision unless it is modified pursuant to A.R. 7.2(C).[3] That is, he cannot remove portions of the record, while he is compiling it because he finds them irrelevant or damaging to his case. Such conduct could be viewed as an attempt at perpetrating a fraud on the clerk of the trial court or on this court.

▋ In this case Moore filed his praecipe for the entire record:

"including all records, motions, memoranda, evidence and pleadings of every nature, up to and including the Motion to Correct Errors, for the purposes of perfecting an appeal to the Supreme Court [sic]."

Much of the record presented is not relevant to either the sufficiency or severance argument, e. g., the state's list of witnesses, the names of the jurors, the preliminary

and final instructions, the verdict forms, the opening statements and closing arguments of counsel. Obviously appellant's counsel did not heed the relevancy requirements of A.R. 7.2(B).

The clerk of the Lake Superior Court certified, after counsel had compiled the record, that it contained:

"full, true, and correct copies of all papers, pleas, proceedings, orders, and entries in said cause together with [the] Transcriptsof [sic] Evidence given at the trial of this cause."

We note, however, the omission of the presentence investigation which the court had ordered filed. We have no indication, other than its absence, that the probation department failed to file this report. If it were filed it certainly should have been included in the record as described by the praecipe and clerk's certificate. Inconsistencies, such as this, between the compiled record and the certificate tend to cast suspicion on the entire record.

Appellant, in addition to filing unnecessary portions of the record, has failed to place marginal notations on each page of the record pursuant to A.R. 7.2(A)(3)(a). This failure makes our examination of the transcript of evidence especially burdensome. We are *not* requesting a summary of the evidence on every page, merely a notation of what the contents of that page reflects, e. g., Direct Examination of (witness' name); Defense Counsel's argument on admissibility of Exhibit # 1.

Finally, appellant has failed to provide us with the original exhibits. There were only three exhibits admitted into evidence at trial, all of which are photographs. We have only been provided with reproductions

---

2. A.R. 7.2(B) sets forth a presumption that a praecipe lacking specificity, is a request for the entire record.

"Unless otherwise indicated, the clerk shall transmit the whole record to the court on appeal."

3. A.R. 7.2(C) provides that:
"If anything material to either party is omitted from the record by error or accident, or is misstated therein, the trial court shall

(1) either before or after the record is transmitted to the court on appeal, or

(2) upon the order of the court of appeal pursuant to a properly filed petition for certiorari

correct the omission or misstatement and if necessary certify and transmit a supplemental record."

of those photographs. A.R. 7.2(A)(3)(b) states:

> "*Exhibits-Physical Objects.* Physical objects (*except* papers, maps, *pictures* and like materials) which because of their nature cannot be incorporated in the transcript, shall not be sent to this Court on appeal, . . . ." (emphasis added)

We know of no reason why appellant did not require the court reporter to provide the original photographs in accordance with the above rule. We do note, however, that all too frequently poor reproductions of photo exhibits are included in transcripts on appeal. We also note that the lack of clarity of these exhibits emphasizes the necessity in most cases of our having the original exhibits. In the event of a retrial and the unavailability of copies of exhibits introduced in the first trial, the original may be obtained from our Clerk with reproductions then substituted in the transcript.

We are well aware that for the most part counsel can do nothing to rectify the mistakes he has made in this transcript. However, we sincerely hope the previous discussion will prevent any similar mistakes in the future.

## STATEMENT OF THE CASE

■ Indiana Rules of Appellate Procedure 8.3(A)(4) directs an appellant to include a statement of the case which

> "shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below, including a verbatim statement of the judgment."

Appellant Moore sets forth the course of the proceedings in a very sketchy manner with no citation to and in some instances not supported by the record. He misstates the date of filing of the motion for severance and the argument had thereon. Although not substantially, he misquoted the jury's guilty verdict. Granted these discrepancies may be of little import, but we can not condone even minor discrepancies

when a party recites facts and holds them out to be accurate. It is recommended that counsel read Judge Lowdermilk's final statements in *Clark v. State* (1979) Ind. App., 389 N.E.2d 712 at 718:

> "This court, in the future, will not tolerate purposeful and deliberate misstatements of the record and untruths in attorney's briefs, and any attorney so doing must consider his actions an invitation for disciplinary action."

In further violation of A.R. 8.3(A)(4) appellant in his brief fails to provide a verbatim statement of the judgment, and instead sets forth only what he claims to be a verbatim statement of the jury's verdict. This failure can be sufficient reason for this court to merely affirm the trial court's judgment, e. g., *Smith v. Chesapeake & O. Ry. Co.* (1974) 160 Ind.App. 256, 311 N.E.2d 462.

The statement of the case is intended to assist this court by setting forth the procedural posture of the case. Although it is unnecessary to include the contents and dates of all of the pleadings, hearings and orders, it is necessary to accurately report all entries which explain the trial court's actions and affect the issues on appeal. This Moore's brief has not accomplished.

## STATEMENT OF THE FACTS

■ A.R. 8.3(A)(5) directs appellants to include in their briefs:

> "A statement of the facts relevant to the issues presented for review, with appropriate references to the record."

Appellant fails to make *any* citation to the record to support the facts summarized. This is contrary to A.R. 8.3(A)(5) and A.R. 8.2(B)(5).[4]

■ In addition he concludes the section on an argumentative note:

> "Which as a matter of law, the jury verdict was contrary because of insufficient evidence presented by the State."

---

4. A.R. 8.2(B)(5) states in part:
   > "*References to the Record.* Reproductions or summarizations of parts of the record in a brief shall be immediately followed by a citation to the pages of the record at which those parts appear."

The summary of facts required by A.R. 8.3(A)(5) is not intended to be a portion of the appellant's argument. It should be a concise narrative summary of the facts in a light most favorable to the judgment. It should not be a summary of each witnesses' testimony. It is to be informative, not persuasive.

### ARGUMENT

■ An appellant in the argument section of his brief is supposed to present this court with a germane argument including citations to the authority and the evidence in the record upon which he relies. A.R. 8.3(A)(7).

Here the argument applicable to appellant's first issue is predominantly bald assertions of Moore's reasons for requesting a separate trial. Nowhere in this argument does he include a citation to the record to substantiate his allegation of fear of reprisal. If Moore did present these reasons for a separate trial to the trial court through affidavits or at some evidentiary hearing, it is his duty under A.R. 7.2(A)(3)(c) ("Statement of the Evidence or Proceedings when no Report was made or when the Transcript is Unavailable") to provide us with an approved record. Absent this, his allegations can not be properly considered by this court.

Appellant's second argument, sufficiency of the evidence, contains only one citation to authority: "*Conard v. State,*" with no reference to date, or where the authority may be located. A citation expressed in such terms is contrary to A.R. 8.2(B)(1).[5]

In addition appellant fails to cite the statute upon which he bases his sufficiency argument. In fact, he apparently argues there is insufficient evidence to support a conviction under IC 35–41–2–4 as an accomplice, when he was convicted under IC 35–44–3–2 for assisting a criminal.

The argument section of Moore's brief totally fails to set forth appellant's contentions, the authority supporting those contentions and a "clear showing of how the issues and contentions in support thereof relate to the particular facts of the case." A.R. 8.3(A)(7).

In sum appellant's brief falls short of the requirements set forth by our rules. As stated in *Frances v. State,* 261 Ind. 461 at 462, 305 N.E.2d 883:

> "Meager *pro forma* compliance with rules of appellate practice represents less than desired performance from appellate counsel. *Adams v. State* (1973), [261] Ind. [191], 301 N.E.2d 368. 'Our appellate rules . . . outline in general from [sic] the requirements for a legally cognizable argument. Adherence to this standard is not left open to the option of an appellate attorney.' *Dortch v. Lugar* (1971), 255 Ind. 545, 588, 266 N.E.2d 25, 51."

In submitting this brief we believe appellant's counsel has done a disservice to his client and this court. We realize that an order of a rebriefing is an extraordinary remedy. However, in this instance we believe it a more expedient method to guarantee appellant's constitutional right to effective assistance of counsel than perhaps future post conviction remedies. Therefore we give appellant's counsel thirty days to rebrief this case in compliance with our rules. The Attorney General is given thirty days from the filing date of appellant's amended brief in which to file an amended reply brief. The trial court is hereby ordered to deny any requests for additional payment of fees made by appellant counsel, Deloney, for work necessitated by this opinion.

We are of the opinion that if a request is made by appellant's counsel for additional fees as a result of this order on rebriefing, that it be denied by the trial court.

MILLER, J., concurs in the result.

YOUNG, J., concurs.

---

5. A.R. 8.2(B)(1) states:

   "*Citations to Cases.* Cases shall be cited by giving the title of the case followed by the year of final disposition, the book and page of the state report, and book and page of the regional reporter."