Frank D. **ELSPERMAN** and Connie E.
Elsperman, Parents of DeWayne G. El-
sperman, deceased, Plaintiffs-Appel-
lants,

v.

Norman A. **PLUMP** and the Loyal Order
of the Moose-Lodge # 85,
Defendants-Appellees.

No. 1-782 A 202.

Court of Appeals of Indiana,
First District.

Jan. 5, 1983.

Charles C. Griffith, Johnson, Carroll &
Griffith, Evansville, for plaintiffs-appel-
lants.

Thomas G. Krochta, Van Stone & Kroch-
ta, Evansville, for defendants-appellees.

## ORDER

This court, having examined the appel-
lants' brief herein, acting on its own mo-
tion, now finds that said brief is defective
and not in compliance with Indiana Rules of
Procedure, Appellate Rule 8.3(A)(5) and ap-
plicable decisions of this court interpreting
said rule in the following particulars:

1. Appellants' brief section III "State-
ment of Facts," consists of a twenty-five
(25) page summary of the testimony of each
witness on direct, cross, redirect, and re-
cross-examination, rather than a narrative
statement of facts supported by references
to the record.

2. Appellate Rule 8.3(A) provides:

"The brief of Appellant shall contain
under appropriate headings and in the
order here indicated:

. . . .

(5) A statement of the facts relevant
to the issues presented for review, with
appropriate references to the rec-
ord . . . ."

3. This court in interpreting Appellate
Rule 8.3(A)(5) has held that the statement
of facts in an appellate brief should be a
concise narrative summary of the facts in a
light most favorable to the judgment and
should not be a summary of each witness's
testimony. *Morris v. State,* (1982) Ind.App.,
433 N.E.2d 74; *Moore v. State,* (1981) Ind.
App., 426 N.E.2d 86, dismissed for failure of
appellant to file an amended brief, Ind.
App., 428 N.E.2d 806.

4. This court believes the proper remedi-
al action is to order appellants to rebrief in
compliance with the rules and decisions of
this court. *See Moore,* 426 N.E.2d at 90.
That appellants should amend their brief
only as to the statement of facts and file
such amended brief within twenty-one (21)
days of the receipt of this order. That
appellees should have twenty-one (21) days
after the filing of appellants' amended brief
to amend their appellees' brief only as to
the statement of facts.

Therefore, it is ordered that appellants
file an amended brief, amended only as to
the statement of facts, in order to comply
with Appellate Rule 8.3(A)(5) and the deci-
sions of this court, said amended brief to be
filed within twenty-one (21) days after the

date of this order. Failure to comply with this order will result in a dismissal of this appeal.

It is further ordered that appellees may file an amended brief only as to the statement of facts, if so desired, within twenty-one (21) days of the filing of appellants' amended brief. Failure to file an amended appellees' brief shall be deemed an acceptance of the statement of facts in appellants' amended brief.

It is further ordered that this order be published in the official reports of this court and distributed to the West Publishing Company for publication in the Northeastern Reporter.

ROBERTSON, P.J., and NEAL and RATLIFF, JJ., concur.