Beverly SARTAIN, Appellant-Plaintiff,

v.

Ronald BLUNCK and James Gabriel, Appellees-Defendants.

No. 4–183A30.

Court of Appeals of Indiana,
Fourth District.

Aug. 31, 1983.

Michael O. Bolinger, Bolinger, Bolinger & Welke, Kokomo, for appellant.

Joseph A. Noel, Noel, Noel & Williams, Kokomo, for appellees.

CONOVER, Presiding Judge.

Plaintiff-appellant Beverly Sartain (Beverly) appeals a jury verdict awarding her $1,500 compensatory damages from defendants-appellants Ronald Blunck (Blunck) and James Gabriel (Gabriel).

We dismiss.

We dismiss this appeal because Beverly failed to substantially comply with our appellate rules of procedure. *Anglin v. Grimm,* (1973) 157 Ind.App. 362, 300 N.E.2d 137.

Generally, this court prefers to decide a case on its merits. *Chuck Callahan Ford, Inc. v. Watson,* (1982) Ind.App., 443 N.E.2d 79. However, our rules of procedure must be followed. This Beverly has not done.

First, the error Beverly raises on appeal was not included in her motion to correct errors. The third section of her motion states in part:

[T]he verdict of the jury ... was contrary to the evidence in that the dollar amount awarded was substantially less than the amount of damages proved and said verdict was to that extent unsupported by the evidence.

On appeal, Beverly states her issue as follows:

[T]he $1,500.00 jury verdict is so small as to suggest that the jury was motivated by prejudice, passion, partiality or corruption, or considered some improper element.

Although the error alleged in the motion to correct errors does not precisely correspond to the error alleged on appeal, we acknowledge it is couched in similar language.

Second, the error claimed on appeal was not set out specifically enough in Beverly's motion to correct errors. As quoted above, the third section of Beverly's motion is not a "specific" error as required by Ind. Rules of Procedure, Trial Rule 59(D)(2). Initially, she claims the verdict was contrary to the evidence and then she argues it is unsupported by the evidence. These two allegations are not the same. *See generally Bolen v. Mid-Continent Refrigerator Co.,* (1980) Ind.App., 411 N.E.2d 1255.

Beverly's appellate brief is deficient for several reasons. It does not contain a table of authorities. The statement of the case does not set out the course of the proceedings such as the date of the motion to correct errors, the court's ruling or the date of the ruling on that motion. It also does not include a verbatim statement of the judgment.[1] Each of these items is required by our appellate rules of procedure. *See* Ind. Rules of Procedure, Appellate Rules 8.2 and 8.3.

While we often are tolerant of minor infractions of the appellate rules so that we may decide appeals on their merits, those rules are nonetheless binding on all persons bringing appeals to this court. Here, Beverly has reached the point where the total accumulation of individually insignificant errors requires us to dismiss this appeal. As in the past, we again strongly suggest appellate counsel read the rules of appellate procedure, and our decision in *Moore v. State,* (1981) Ind.App., 426 N.E.2d 86, before filing their appeals. Failure to follow these rules puts an appeal in jeopardy from the beginning.

Further, the record as submitted is inadequate and incomplete. There are no marginal notations in the record as required by Ind.Rules of Procedure, Appellate Rule 7.2(A)(3). Such omission hampers our review of the record. *Moore v. State,* (1981) Ind.App., 426 N.E.2d 86.

We note, however, appellees' argument the record is incomplete because it only contains Beverly's testimony at trial and some pretrial documents fails. Appellees have not indicated what relevant testimony has not been included, nor have they submitted a supplemental record containing any evidence they consider necessary to a proper analysis of this appeal.[2]

Finally, we note Beverly failed to comply with Ind.Rules of Procedure, Appellate Rule 2(C), requiring appellants to file preappeal conference materials. She did not even attempt to comply. As stated recently by the First District of this court in *Hughes v. County of Morgan,* (1983) Ind.App., 452 N.E.2d 447:

Appellate Rule 2(C) was adopted by the Supreme Court of Indiana on May 10, 1982. The members of the bar of this state have had over a year to become informed of the Rule and its requirements. This Court has previously given notice by publication in *Res Gestae,* and by other means, that as of July 1, 1983, the Rule would be strictly enforced.

---

1. Appellees' counsel also argues the certificate of service for the praecipe is improper in that it does not certify service was made on him. However, he does not argue he did not receive a copy of the praecipe. Thus, appellees have failed to show prejudice.

2. Appellees' brief also does not comply with our appellate rules. The statement of the issues, of the case and facts sections improperly contain argument. See A.R. 8.3.

At 448. The court then dismissed that appeal for failure to comply with the rule.

Appeal dismissed.

MILLER and YOUNG, JJ., concur.