Lester **LASWELL**, Defendant-Appellant,

v.

**STATE** of Indiana, Plaintiff-Appellee.

No. 13A01–8601–CR–10.

Court of Appeals of Indiana,
First District.

June 30, 1986.

---

William Edward Jenner, Jenner & Kemper, Madison, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Lester Laswell appeals his conviction by jury trial of two counts of child molesting, a class C felony,[1] and incest.[2] We reverse.

## FACTS [3]

Laswell's twelve year old stepdaughter, B.E., told several of her schoolmates, her teacher, her mother, a welfare caseworker, and police officers that Laswell had fondled her, both on her breasts and pubic area, and that on two occasions he had compelled her to perform fellatio upon him. B.E. gave a videotaped statement to the police relating these occurrences. The events described in these statements led to the charges upon which Laswell was tried and convicted. At the trial, B.E.'s videotaped statement was introduced into evidence and testimony was presented as to her statements to her friends, teacher, the caseworker, and the officer. However, in her trial testimony, B.E., while admitting she made the statements, repudiated her prior out-of-court statements, saying all the statements were lies. She stated further that she made the statements because her friend K.C. threatened to beat her and told her what to say.

At the trial, K.C. testified that Laswell had attempted to fondle her, and on one occasion, asked to feel her breasts. K.C. also testified as to B.E.'s statements to her. A licensed psychologist testified he had interviewed B.E. on several occasions, and in his opinion her statement on the videotaped statement was the most believable of all the stories B.E. had told.

## ISSUE

The issue for our decision is whether there was sufficient evidence to sustain the conviction where the conviction is based upon repudiated *Patterson* statements of the victim.

## DISCUSSION AND DECISION

The out-of-court statements of B.E. were properly admitted as substantive evidence under the rule in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, because she admitted making the statements and was present in court and available for cross-examination. *Watkins v. State* (1983), Ind., 446 N.E.2d 949. However, our inquiry does not end there. A conviction may not be predicated upon a repudiated *Patterson* statement unless there is also substantial evidence of probative value from which the trier of fact may reasonably infer that the out of court statements are credible. *Peckinpaugh v. State* (1983), Ind., 447 N.E.2d 576; *James v. State* (1985), Ind.App., 481 N.E.2d 417. It is also clear that a repudiated *Patterson* statement cannot be rendered credible by another repudiated *Patterson* statement, or by the repudiated statement itself. *James* at 422. Rather, the corroborative evidence must be evidence independent of the statement itself. *Id.* Therefore, B.E.'s statements to other witnesses which were repudiated may not be used to corroborate her videotaped statement, or to corroborate each other. *Id.*

---

1. Indiana Code section 35–42–4–3.

2. Indiana Code section 35–46–1–3.

3. The statement of facts in Appellant's brief consists of a witness by witness summary of each witness's testimony rather than a narrative statement of the facts. We refer counsel to *Elsperman v. Plump* (1983), Ind.App., 443 N.E.2d 1206; *Morris v. State* (1982), Ind.App., 433 N.E.2d 74, and *Moore v. State* (1981), Ind. App., 426 N.E.2d 86.

In *James,* Judge Neal reviewed the cases and listed the types of independent evidence which have been held to be sufficient corroborative evidence. For example, such items as excited utterances and eye-witness accounts, defendant's failure to respond to an accusation, flight, defendant's possession of stolen goods, presence at the scene of the crime, incriminating admissions to third parties, and independent evidence of corpus delicti have been held sufficient to corroborate and confer credibility upon the out-of-court statement. *James* at 422. None of these kinds of evidence is present here.

 The state argues that the testimony of K.C. and the psychologist furnish the necessary corroboration. We disagree. While K.C.'s testimony that Laswell attempted to fondle her may have been admissible under the depraved sexual instinct exception to the rule that evidence of other crimes generally is inadmissible in a criminal prosecution, *Brackens v. State* (1985), Ind., 480 N.E.2d 536, it does not corroborate B.E.'s out-of-court statements concerning Laswell's alleged acts toward B.E. In order for evidence to be sufficiently corroborative of and to provide credibility for a repudiated *Patterson* statement, that independent evidence must corroborate the facts related by the out-of-court declarant. Whatever the acts of Laswell may have been toward K.C., no matter how despicable and depraved, such acts do not corroborate or render credible B.E.'s repudiated statement of what Laswell did to her.

Neither does the psychologist's testimony that B.E.'s videotaped statement was the most believable of all the stories she had told furnish sufficient corroboration. In the first place, the testimony itself reveals conflicting statements by B.E. Secondly, this testimony presents no independent evidence of any corroborating facts from which a trier of fact reasonably could conclude B.E.'s repudiated statement was true. Thirdly, in our view, this evidence is but another way of attempting to corroborate the statement by the statement itself.

Because Laswell's conviction depends entirely upon B.E.'s uncorroborated and repudiated out-of-court statements, the evidence is insufficient. Therefore, we must reverse the convictions.

Judgment reversed.

ROBERTSON, P.J., and NEAL, J., concur.