**Kenneth E. GENTRY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A04–9105–PC–159.**

Court of Appeals of Indiana,
Fourth District.

Jan. 21, 1992.

Kenneth E. Gentry, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

CONOVER, Judge.

Appellant–Petitioner Kenneth E. Gentry appeals the denial of his petition for post-conviction relief, following his convictions for burglary, theft, and being an habitual offender. IND.CODE 35–43–2–1; IC 35–43–4–2; IC 35–50–2–8. These verdicts were affirmed on appeal.

 We dismiss because Gentry has failed to comply with our rules of appellate procedure. Where an appellant makes no substantial effort to comply with our briefing rules, we will dismiss the appeal. *Harts v. State* (1986), Ind.App., 490 N.E.2d 1158, 1159, *reh. denied, trans. denied.*

Although Gentry is proceeding *pro se,* he is held to the same standard regarding rule compliance as are attorneys duly admitted to the practice of law. He must comply with the appellate rules of procedure to have his appeal determined on the merits. *Terpstra v. State* (1988), Ind. App., 529 N.E.2d 839, 842, *reh. denied.* Disregard of the appellate rules of procedure subjects an appeal to a summary affirmance of the judgment of the post-con-

viction court. *See, Morris v. State* (1982), Ind.App., 433 N.E.2d 74, 77.

Gentry's brief is defective in the following particulars:

(a) It is handwritten rather than typed. *See,* App.R. 8.2(A)(1).

(b) It is not properly bound. *See,* App.R. 8.2(A)(2).

(c) It's cover is white paper, not blue. *See,* App.R. 8.2(A)(3).

(d) It does not contain a verbatim statement of the judgment. *See,* App.R. 8.3(A)(4).

This accumulation of rules violations requires dismissal of this appeal. While we often are tolerant of minor infractions of the appellate rules, failure to substantially follow them puts an appeal in jeopardy from the beginning. *Sartain v. Blunck* (1983), Ind.App., 453 N.E.2d 324, 325.

Our appellate rules enable the courts on appeal to expeditiously and fairly review the cases before them without devoting inordinate amounts of judicial time to each one. When the rules are not followed, dismissal of the offending appeal is in order.

Appeal dismissed.

CHEZEM and GARRARD, JJ., concur.