Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Jun 10 2013, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CLIFTON T. MASSEY**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLIFTON TIMOTHY MASSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1208-SC-399 |
| | ) | |
| REANA BEARD, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Jennifer L. DeGroote, Magistrate
Cause No. 02D01-1204-SC-5898

**June 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Clifton Timothy Massey ("Massey") appeals the small claims court's order awarding judgment to Reana Beard ("Beard") for the amount of $4,240.00. Massey appears to raise several issues, of which we find the following to be dispositive: whether the small claims court erred when it entered a default judgment against him.

We affirm.

This case involves a dispute between a landlord and a tenant for damages to the rental property. Beginning in March 2012, Beard rented property, located at 2540 Euclid Avenue in Fort Wayne, Indiana, to Massey. Shortly after the lease began, the property was damaged. On April 18, 2012, Beard filed a small claims action against Massey for the damages. Beard filed a motion for entry of default judgment against Massey and a supporting affidavit. On July 20, 2012, the small claims court granted Beard's motion and entered default judgment in Beard's favor in the amount of $4,240.00. Massey now appeals.

Beard has not filed an appellee's brief. "When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for her and we apply a less stringent standard of review with respect to showings of reversible error." *Zoller v. Zoller,* 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). Therefore, "we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it." *Id.*

Additionally, we note that Massey has filed this appeal *pro se.* "An appellant who proceeds *pro se* is 'held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of

2

his or her action.'"  *Thacker v. Wentzel,* 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (quoting *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.,* 789 N.E.2d 486, 487 (Ind. Ct. App. 2003)).  "It is well settled that the duty of presenting a record adequate for intelligent appellate review on points assigned as error falls upon the appellant, as does the obligation to support the argument presented with authority and references to the record pursuant to [Indiana Appellate Rule] 46(A)(8)."  *AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc.,* 816 N.E.2d 40, 44 (Ind. Ct. App. 2004).  While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors.  *Thacker*, 797 N.E.2d at 345.  The purpose of our appellate rules, especially Indiana Appellate Rule 46, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case.  *Id.*

Indiana Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ."  We will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules.  *Thacker*, 797 N.E.2d at 345 (citing *Pitman v. Pitman,* 717 N.E.2d 627, 633 (Ind. Ct. App. 1999)).  Additionally, we will not become an advocate for a party, nor will we address arguments which are either, inappropriate, too poorly developed or improperly expressed to be understood.  *Id*.

Here, Massey's appellant's brief, in large part, does not comply with the requirements of Indiana Appellate Rule 46(A)(8)(a), in that his contentions are not supported by cogent reasoning, or citations to authorities and relevant parts of the record. We find Massey's contentions to be too poorly expressed and developed to be understood, which has substantially impeded our appellate consideration of his alleged errors. Accordingly, Massey's arguments are waived. *See Davis v. State,* 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005) (noting that the failure to present a cogent argument or citation to authority constitutes waiver of the issue for appellate review), *trans. denied.* "'While we are often tolerant of minor infractions of the appellate rules so that we may decide appeals on their merits, those rules are nonetheless binding on all persons bringing appeals to this court.'" *Ramsey*, 789 N.E.2d at 490 (quoting *Sartain v. Blunck,* 453 N.E.2d 324, 325 (Ind. Ct. App. 1983)). In the instant case, because Massey's noncompliance with the appellate rules substantially impeded us from reaching the merits of this appeal, we are compelled to find the issues raised are waived. *See id*.

Affirmed.

VAIDIK, J., and PYLE, J., concur.