## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 22 2015, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Nick Gandin
Fishers, Indiana

ATTORNEY FOR APPELLEE

Michael A. Setlak
Shilts Law Office
Fort Wayne, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nick Gandin,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Elina Lefand,<br>*Appellee-Respondent.* | September 22, 2015<br><br>Court of Appeals Case No.<br>02A05-1412-DR-569<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Charles F. Pratt, Judge<br><br>The Honorable Lori Morgan, Magistrate<br><br>Trial Court Cause No. 02D07-0407-DR-296 |

**Riley, Judge.**

STATEMENT OF THE CASE

Appellant-Petitioner, Nick Gandin (Father), appeals the trial court's denial of his motion to correct error after the trial court issued its Order denying Father's petition for modification of custody and motion for injunctive relief, in favor of Appellee-Respondent, Elina Lefand (Mother).

We affirm.

## ISSUES

Father raises four main issues and numerous sub-issues on appeal, all of which we consolidate and restate as the following single issue: Whether the trial court abused its discretion when it denied his motion to correct error.

Mother raises one issue, which re restate as: Whether Mother is entitled to appellate attorney fees, pursuant to Indiana Appellate Rule 66(E).

## FACTS AND PROCEDURAL HISTORY

Father and Mother were married on March 23, 1999. Their son, B.G., was born on December 25, 2002. On July 2, 2004, Father filed a petition for dissolution of his marriage to Mother. On April 4, 2008, after contentious proceedings, the trial court issued its dissolution decree, including extensive and detailed findings of fact and conclusions thereon. The trial court granted custody of B.G. to Mother, subject to Father's extended parenting time. On May 2, 2008, Father filed a motion to correct error, which was denied by the trial court that same month. Father appealed the trial court's denial of his

motion to correct error. On April 13, 2010, this court issued its memorandum opinion, affirming the trial court's denial of Father's motion. *See N.G. v. A.L.*, No. 02A03-0907-CV-331 (Ind. Ct. App. Apr. 13, 2010).

[5] On October 4, 2012, Father filed a petition to modify the decree of dissolution of marriage as to custody. In his petition, Father alleged that Mother had denied him his court-ordered parenting time; that Mother had failed to provide for B.G.'s needs; that Mother does not have the time to properly care for B.G.; that B.G. would benefit from spending more time with a male parent; that Father made the best effort to care for B.G.'s needs; that even though Father moved to Indianapolis, he still wants to spend as much time as possible with B.G.; that the Indianapolis area provides better educational opportunities for B.G., as well as a large and vibrant Jewish community. Thereafter, on October 4, 2012, Mother filed her motion to modify parenting time and child support. On January 31, 2013, Father filed a motion for injunctive relief and on May 3, 2013, he filed a motion to add an issue of overpayment of child support.

[6] On October 7, 2013, the trial court entered its detailed and extensive Order, denying Father's petition for modification and motion for injunctive relief. The trial court also denied Mother's motion to modify parenting time and child support; however, the trial court ordered Father to provide all of the transportation for B.G. to and from his parenting time. The trial court agreed that Father had overpaid his child support and reduced the amount to a judgment in favor of Father.

On November 1, 2013, Father filed a motion to correct error, which Mother responded to six days later. A series of hearings were held on March 10, August 21, and October 30, 2014, respectively. On November 14, 2014, the trial court denied Father's motion to correct error.

Father now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *French v. French*, 821 N.E.2d 891, 897 (Ind. Ct. App. 2005), *reh'g denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id*.

### II. *Modification of Custody*

Essentially, Father challenges the trial court's denial of modification of custody and lays out an extensive list of alleged factual errors in the trial court's Order. There is a well-established preference in Indiana "for granting latitude and deference to our trial judges in family law matters." *Swadner v. Swadner*, 897 N.E.2d 966, 971 (Ind. Ct. App. 2008) (quoting *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)). "[A]ppellate courts 'are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who

saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence.'" *D.C. v. J.A.C.*, 977 N.E.2d 951, 956-57 (Ind. 2012) (quoting *Kirk v. Kirk*, 707 N.E.2d 304, 307 (Ind. 2002)). Our State's courts have long emphasized a concern that there be finality in matters concerning child custody. *Baxendale v. Raich*, 878 N.E.2d 1252, 1258 (Ind. 2008). "Modification of custody is an area committed to the sound discretion of the trial court, and we are constrained to neither reweigh evidence nor judge the credibility of witnesses." *Jarrell v. Jarrell*, 5 N.E.3d 1186, 1190 (Ind. Ct. App. 2014), *trans. denied*.

[11] Father is acting *pro se* in the instant cause. While Father has every right to represent himself in legal proceedings, a *pro se* litigant is nevertheless held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). At the same time, this court has no desire to deter a litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification or reversal. *See id*. To effectuate judicial economy, however, the legal system has enacted rules for litigants to follow when presenting a case before a tribunal. As such, our appellate rules provide guidance to appellate parties to have their appeal determined on the merits and to enable the courts on appeal to expeditiously and fairly review the cases before them without devoting

inordinate amounts of judicial time to each one. *See Gentry v. State*, 586 N.E.2d 860, 861 (Ind. Ct. App. 1992).

[12] Indiana Appellate Rule 46(A) establishes the requirements for the Appellant's Brief. With respect to the argument section, section 8 of Ind. Appellate Rule 46(A) clearly requires each argument to be supported by citations to the authorities, statutes, and the appendix or transcript, as well as cogent reasoning. All of these requirements are absent in Father's brief. Instead, we are presented with a litany of perceived mistakes and Father's tirade towards Mother and the trial court's judgment. While we are often tolerant of minor infractions of the appellate rules, failure to substantially follow them puts an appeal in jeopardy from the beginning. *Id.* As submitted, Father's appellate brief is difficult to follow, unsupported by case law and citations to the record, and most importantly, lacks cogent reasoning. Accordingly, we find that Father has waived appellate review of his cause. *See AutoXchange.com v. Dreyer & Reinbold, Inc.*, 816 N.E.2d 40, 44 (Ind. Ct. App. 2004).

[13] Waiver notwithstanding, our review of what we are able to discern of Father's arguments leads us to the conclusion that the trial court did not abuse its discretion when denying Father's motion to correct error. Father's motion to correct error and appellate brief are essentially a list of alleged factual errors in the trial court's Order denying his request for modification of child custody. The trial court issued detailed findings of fact and conclusions of law in reaching its decision. These findings are supported by evidence in the record, to which the trial court extensively refers. To the extent that Father argues that

the evidence should be construed differently, his arguments amount to a request that we reweigh the facts and judge the credibility of the witnesses, which we will not do. *Pawlik v. Pawlik*, 823 N.E.2d 328, 330 (Ind. Ct. App. 2005), *trans. denied*.

[14] Instead, this appears to be a situation where both parents clearly love B.G. and have his best intentions at heart, but have lost all ability to communicate as parents and to work together to seek B.G.'s best interest. We echo the trial court's sentiments when we state that "[t]he parents appear to have become so caught up in controlling the other parent and 'winning the battle' over the various disagreements that they do not realize that their inability to interact appropriately and to communicate like rational adults who put their child's interests ahead of their own will very likely have a significant and negative impact on their child in the future." (Appellant's App. p. 54). We discern no reason to reverse the trial court's denial of Father's motion to correct error.

### III. *Mother's Request for Appellate Attorney Fees*

[15] Contending that Father carelessly and frivolously filed this appeal in an "effort to achieve a second bite at the apple," Mother requests that we remand this cause to the trial court for determination of reasonable appellate attorney fees pursuant to Indiana Appellate Rule 66(E). (Appellee's Br. p. 13).

[16] Indiana Appellate Rule 66(E) provides, in pertinent part, "[t]he [c]ourt may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the [c]ourt's discretion and may include attorneys' fees." Our discretion to

award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances where an appeal is permeated with meritless arguments, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). While Indiana Appellate rule 66(E) provides this court with the possibility to award appellate attorney fees, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Id.* A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. *Helmuth v. Distance Learning Systems Ind., Inc.*, 837 N.E.2d 1085, 1094 (Ind. Ct. App. 2005).

[17] Indiana appellate courts have categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. *Thacker*, 797 N.E.2d at 346-47. Procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* at 347. Substantive bad faith, on the other hand, occurs where the appellant's contentions and arguments are utterly devoid of all plausibility. *Id.* Substantive bad faith "implies the conscious doing of wrong because of dishonest purpose or moral obliquity." *Wallace v. Rosen*, 765 N.E.2d 192, 201 (Ind. Ct. App. 2002).

Rather than a dishonest purpose, we believe that Father is driven by his perception of what is best for his minor son. Even though Father has steadfastly ignored unfavorable determinations and rulings by the trial court, we do not perceive his intent was to harass or unnecessarily prolong these proceedings. And while Father's appellate brief did not comply with the procedural rules, these omissions did not rise to the level of tainting his appeal as vexatious. As such, the record does not support a finding that Father's appeal, although ultimately unsuccessful, was permeated with bad faith or frivolity. Accordingly, an award of appellate attorney fees is not warranted.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Father's motion to correct error. Additionally, we deny Mother's request for appellate attorney fees pursuant to Ind. Appellate R. 66(E).

Affirmed.

Friedlander, Sr. J. concurs

Brown, J. concurs in part and dissents in part with separate opinion

## IN THE
# COURT OF APPEALS OF INDIANA

Nick Gandin,

*Appellant-Petitioner*,

v.

Elina Lefand,

*Appellee-Respondent*.

[Add Hand-down date]

Court of Appeals Case No.
02A05-1412-DR-569

**Brown, Judge, concurring in part and dissenting in part.**

[23] I concur with the majority that the trial court did not abuse its discretion in denying Father's motion to correct error. However, I respectfully dissent from the denial of Mother's request for appellate attorney's fees.

[24] The majority concludes that an award of appellate attorney's fees is not warranted based on the belief that Father's motivation is his son's best interests, that his intent was not to harass Mother or prolong these proceedings, and that while "his brief did not comply with the procedural rules" his appeal cannot be

characterized "as vexatious." Slip op. at 8-9. To the extent that the majority concludes that the form and content of Father's appellate briefs do not warrant an award of fees, I disagree.

As noted in the opinion, procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, or files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Thacker v. Wentzel*, 797 N.E.2d 342, 346-347 (Ind. Ct. App. 2003). Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. *Id.* at 347. As noted by this court in *Thacker*, "[e]ven pro se litigants are liable for attorney's fees when they disregard the rules of procedure in bad faith." *Id.*

While Father may not have deliberately produced a brief in violation of the Appellate Rules, I would find that he has committed procedural bad faith. His table of contents indicates no citation to any case law, but his statement of issues includes a number of citations. Ind. Appellate Rule 46(A)(4) governs the statement of issues and provides that "[t]his statement shall concisely and particularly describe each issue presented for review." Father's statement of issues is found on four pages of his brief, and contains four issues, with the last issue containing subparts (a) through (k). However, the argument section does not reflect this arrangement, making it difficult to follow.

[27] His statement of the case does not include any citations to the record or appendix as required by Ind. Appellate Rule 46(A)(5), which provides that in the statement of the case "[p]age references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)." His statement of facts covers seven pages and contains only one citation to the record, and I cannot say that it met the requirement of Ind. Appellate Rule 46(A)(6) that "[t]he facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." With respect to the argument section of his brief, contrary to Ind. Appellate Rule 46(A)(8),[1] Father fails to provide cogent argument with respect to many of the issues he raises, does not include a standard of review in his argument section, and consistently neglects to support his arguments with citations to relevant authority, statutes, and the appendix or record. Additionally, his brief is written in such a way so as to require the maximum amount of time and effort in order to piece together his contentions and arguments on appeal. Accordingly, I would award appellate attorney's fees to Mother.

---

[1] Ind. Appellate Rule 46(A)(8) provides in part:

(a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

(b) The argument must include for each issue a concise statement of the applicable standard of review; this statement may appear in the discussion of each issue or under a separate heading placed before the discussion of the issues. In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any Administrative Agency or trial court.

For these reasons I respectfully concur in part and dissent in part.