**In re the Marriage of Thomas ZOLLER, Appellant–Petitioner,**

**v.**

**Peggy ZOLLER, Appellee–Respondent.**

No. 15A01–0606–CV–237.

Court of Appeals of Indiana.

Dec. 11, 2006.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

**OPINION**

FRIEDLANDER, Judge.

The trial court ordered Thomas Zoller to pay interest upon a debt he owed to Peggy Zoller, his ex-wife. Thomas now appeals, and presents the following restated issue for review: Did the trial court err when it ordered Thomas to pay interest?

We affirm.

The facts favorable to the judgment are that on November 27, 2002, the trial court dissolved Thomas and Peggy's marriage. In its dissolution decree, the trial court divided the parties' property, awarding Thomas, among other things, the marital residence. In order to achieve a 60/40 division of the marital estate, the trial

court ordered Thomas to pay Peggy $62,357.74. The trial court further ordered that in the event Thomas failed to pay Peggy the ordered sum within sixty days of its dissolution decree, George Leininger, whom the trial court appointed as commissioner, was to sell the marital residence. Leininger, however, subsequently withdrew as commissioner because of a conflict of interest. On December 26, 2002, Thomas applied for a loan in order to pay Peggy. The credit union rejected Thomas's loan application because it would not make the loan without Peggy's signature and the deed to the marital residence, which Peggy possessed and refused to turn over until Thomas paid her. Thomas also unsuccessfully attempted to obtain a refinancing loan on July 17, 2003, October 7, 2003, and January 13, 2004. Thomas was unable to pay Peggy without a loan.

In July 2005, Peggy filed a Motion for Appointment of Successor Commissioner. In her motion, Peggy alleged Thomas had failed to pay her as ordered in the dissolution decree, and requested the trial court appoint a new commissioner in order to sell the marital residence. On December 13, 2005, the trial court granted Peggy's motion, appointed John Stroup as Commissioner, and ordered Stroup to sell the marital residence. For reasons that are unclear, the marital residence was never sold. Following a hearing, the trial court ordered Thomas to pay Peggy the amount previously ordered to be paid, *i.e.*, $62,357.74, and an additional $13,719.86 in interest thereon. Thomas now appeals.

■ Initially, we note that Peggy did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for her and we apply a less stringent standard of review with respect to showings of reversible error. *Murfitt v. Murfitt*, 809 N.E.2d 332 (Ind.Ct.App.2004).

That is, we may reverse if the appellant establishes *prima facie* error, which is an error at first sight, on first appearance, or on the face of it. *Id.*

■ Thomas contends the trial court erred when it ordered him to pay interest. The issue of whether an amount ordered to be paid as part of a trial court's property division in a dissolution action bears interest has been the subject of some dissension. *See generally Goossens v. Goossens*, 829 N.E.2d 36 (Ind.Ct.App.2005) (discussing whether interest is mandatory for money judgments and distinguishing contrary authority). The Supreme Court's and this court's opinions, however, make clear several principles. Pursuant to Ind. Trial Rule 54, a "judgment" includes a decree and any order from which an appeal lies. *Williamson v. Rutana*, 736 N.E.2d 1247 (Ind.Ct.App.2000). A dissolution decree becomes final and appealable when entered by the trial court. Ind.Code Ann. § 31–15–2–16(b) (West, PREMISE through 2006 2nd Regular Sess.). When the property in a marital estate is divided, the amount one spouse is ordered to pay the other is a money judgment. *Williamson v. Rutana*, 736 N.E.2d 1247. Money judgments, including sums ordered to be paid in a dissolution decree, accrue interest from the date the judgment becomes presently due. *Van Riper v. Keim*, 437 N.E.2d 130 (Ind.Ct.App.1982). When the sum ordered to be paid from one spouse to the other in a dissolution decree is immediately payable, the judgment accrues interest from the date the judgment is entered. *Williamson v. Rutana*, 736 N.E.2d 1247. This is so even when the dissolution decree does not expressly provide for the payment of interest. *Id.*

■ Conversely, when a trial court in a dissolution decree orders a sum to be paid in installments, the trial court may, within its discretion, prohibit future install-

ments from accruing interest until they become presently due. *Goossens v. Goossens*, 829 N.E.2d 36. A trial court also acts within its discretion, however, when it requires future installments to accrue interest before they become presently due, *e.g.*, when the judgment is entered. *Winemiller v. Winemiller*, 114 Ind. 540, 17 N.E. 123 (1888); *Goossens v. Goossens*, 829 N.E.2d 36. Even when a trial court prohibits interest from accruing on installments not yet due, interest accrues on installments when they become presently due yet remain unpaid. *Van Riper v. Keim*, 437 N.E.2d 130. When interest accrues in any of these scenarios, it does so according to Ind.Code Ann. § 24–4.6–1–101 (West, PREMISE through 2006 2nd Regular Sess.), which states:

> Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:
> (1) the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or
> (2) an annual rate of eight percent (8%) if there was no contract by the parties.

■ In this case, the debt Thomas owed Peggy arose from the trial court's dissolution decree. In its dissolution decree, the trial court ordered Thomas to pay Peggy a lump sum of $62,357.74. That sum became presently due when the judgment was entered on November 27, 2002, *i.e.*, the amount was not payable in installments. The trial court, therefore, did not err when it ordered Thomas to pay interest upon the amount he owed Peggy even though the dissolution decree did not expressly state the sum would bear interest. *Williamson v. Rutana*, 736 N.E.2d 1247.

■ Nevertheless, Thomas argues Peggy is "estopped from collecting interest on her unpaid moneys because the amounts remained unpaid because of her own actions." *Appellant's Brief* at 4, 6. Estoppel is a judicial doctrine grounded in equity. *Roberts v. ALCOA, Inc.*, 811 N.E.2d 466 (Ind.Ct.App.2004). There are several estoppel doctrines, including collateral estoppel, equitable estoppel, judicial estoppel, promissory estoppel, estoppel by deed, and estoppel by record. *Id.* All forms of estoppel, however, are based upon the same underlying concept: a person who, by deed or conduct, has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to the other. *Id.*

■ We first note that Thomas failed to identify the particular theory of estoppel upon which he bases his argument. "A party waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority." *Steiner v. Bank One Ind., N.A.*, 805 N.E.2d 421, 429 n. 6 (Ind.Ct.App.2004). Waiver notwithstanding, Thomas's estoppel argument cannot prevail because Peggy neither did nor said anything that induced Thomas to rely thereon.[1] *See In re Bender*, 844 N.E.2d 170, 184 (Ind.Ct.App.2006) ("[t]he defense of estoppel is inapplicable in this case because [the appellee] did not induce

---

1. We note that Thomas had an available remedy when faced with Peggy's alleged recalcitrance. As the trial court observed, "if you needed to have a Commissioner give a deed, then the Commissioner gives the deed.... [T]he remedy would have been to ... have the [trial] [c]ourt appoint a commissioner when [Peggy] would not sign the deed. That would have been your remedy." *Transcript* at 16, 21–22.

[the appellant] or cause him to act"), *trans. denied.*

Judgment affirmed.

KIRSCH, C.J., and RILEY, J., concur.