**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**ALEXANDER TRUEBLOOD**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALEXANDER TRUEBLOOD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1210-OV-868 |
| | ) | |
| STATE OF INDIANA, COUNTY OF MARION, | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William E. Young, Judge
Cause No. 49G13-1207-OV-64396

**February 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Alexander Trueblood ("Trueblood"), proceeding in this appeal pro se, was found to have committed the infraction of speeding. He appeals.

We affirm.

**Issues**

Trueblood raises three issues for our review. We consolidate these and restate them as:

    I.    Whether there was sufficient evidence to sustain the trial court's finding that Trueblood was traveling fifty-three miles per hour in a forty mile-per-hour zone; and

    II.   Whether the trial court committed fundamental error when, in reaching its conclusion, it referred to an Indiana Code section concerning speed limits when signs are not posted in certain areas.

**Facts and Procedural History**

On July 4, 2012, Trueblood was driving his car in the 4200 block of South Harding Street in Indianapolis. Indianapolis Metropolitan Police Department Officer Joseph McAtee ("Officer McAtee") was detailed to traffic patrol in that area, and was using a laser speed detection device. The detection device measured Trueblood's vehicle as traveling fifty-three miles per hour. That portion of South Harding Street had a posted speed limit of forty miles per hour. Officer McAtee consequently initiated a traffic stop and cited Trueblood for speeding.

A bench trial was conducted on October 4, 2012, at the conclusion of which the trial court found that Trueblood's speed of travel was in violation of the posted forty miles-per-hour speed limit.

This appeal ensued.

**Discussion and Decision**

Sufficiency of the Evidence

Trueblood appeals the trial court's finding that he committed the infraction of speeding. The State has not filed an appellee's brief. Where an appellee has not submitted a brief, the appellant may prevail on appeal by making a prima facie case of error, that is, an error at first sight or appearance. Rosenbaum v. State, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), trans. denied. "The obligation of controverting arguments … properly remains with the State." Id. (citations and quotations omitted). Thus, we do not undertake the burden of developing arguments for the appellee. Zoller v. Zoller, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006).

Infractions are civil, rather than criminal, in nature and the State must prove an infraction only by a preponderance of the evidence. Rosenbaum, 930 N.E.2d at 74. When reviewing a challenge to the sufficiency of the evidence supporting a trial court's finding that an individual committed an infraction, we do not reweigh evidence or reassess the credibility of witnesses. Id. We look only to the evidence that supports the judgment and to all the reasonable inferences that may be drawn therefrom. Id. If there is substantial evidence of probative value to support the judgment, we will not reverse. Id.

Arguing that there was insufficient evidence to sustain the trial court's finding, Trueblood directs us to the language of the ordinance under which he was cited. That ordinance provides for the establishment of speed limits in certain areas of Indianapolis, and states that "it shall be prima facie unlawful for any person to drive a motor vehicle thereon at a speed in excess of the speed limits so established, when signs are placed at said locations giving notice thereof." Indianapolis/Marion County Ordinance § 441-323. "Prima facie means such evidence as is sufficient to establish a given fact and which will remain sufficient if uncontradicted." Mullins v. State, 646 N.E.2d 40, 50 (Ind. 1995) (addressing the meaning of prima facie in the context of summary judgment).

Trueblood argues that the State did not establish that there was a sign posting the forty miles-per-hour speed limit on the specific stretch of South Harding Street on which he was driving when Officer McAtee cited him, and thus the State failed to establish that he was on-notice of the speed limit in the 4200 block of South Harding Street.

The State's burden of proof was to show by a preponderance of the evidence that Trueblood was driving along an area of South Harding Street, the speed limit for which was specified by the ordinance, and that notice of the speed limit was posted. Officer McAtee testified that 4200 South Harding Street carried the forty miles-per-hour speed limit prescribed by the ordinance. Trueblood admitted at trial that there was such a posted sign at the 3800 block of South Harding Street, and he agreed that the stretch of road from the 3800 block to the 4200 block was a single stretch of road within the geographical area specified by

4

the ordinance. There was thus sufficient evidence to establish prima facie that Trueblood violated the ordinance.

Trueblood did not, in turn, provide evidence that contradicted the State's prima facie evidence. While during trial Trueblood cross-examined Officer McAtee and asked Officer McAtee about the posting of speed limit signs, there was no testimony or other evidence that would tend to establish that there was no speed limit sign providing notice, or that Trueblood did not personally observe such a sign.

Further, we note that Trueblood did not deny traveling fifty-three miles per hour; rather, he contends that the presumptive speed limit was fifty miles per hour. That is, Trueblood conceded that he was driving in excess of a legally-specified speed limit on South Harding Street, and only disputes which speed limit he violated.

Accordingly, we conclude there was sufficient evidence to sustain the trial court's finding that Trueblood violated the ordinance.

## Fundamental Error

Trueblood also argues that the trial court's reference to Indiana Code section 9-21-5-2, which sets forth the maximum legal driving speeds on particular kinds of roads in Indiana, was legally erroneous, and the use of that section of the Indiana Code as a basis upon which to find that he committed an infraction without prior notice was fundamental error.

We do not agree, because our review of the record does not indicate that the trial court relied upon Section 9-21-5-2 in rendering its judgment. Trueblood was cited under Indianapolis/Marion County Ordinances section 441-323, which provides for alteration of

5

prima facie speed limits. He now points to an exchange with the trial court, where the trial court said:

> Let's just take…let's just assume for the sake of argument that you turned on to Harding somewhere after the 3800 block and you didn't know the sign was there, okay? Absent a sign, one has to assume within the city limits of any city in the State of Indiana that the speed limit unless you are told otherwise is 30 miles an hour so by you doing 53 miles an hour you are now 23 miles an hour over the speed limit… So your argument that you didn't see the sign is of no value because if you didn't see the sign you had to assume that the speed limit was 30. It turns out it was 40 so you are only 13 over, not 23 over that you would've been…you're basically admitting to me that you were doing because you do not argue…you never argued that your speed was incorrect.

(Tr. at 15; emphasis added)

The trial court's discussion apparently refers to Section 9-21-5-2 of the Indiana Code, which provides that the maximum speed in an urban district[1] is thirty miles per hour unless otherwise posted. I.C. § 9-21-5-2(1). The trial court did not find that Trueblood violated that section of the Code; rather, it cited the statute as a counter-example. Trueblood was thus not subjected to prejudice by the trial court's citation of the statute, and we accordingly decline to conclude that citation of the statute was fundamental error.

## Conclusion

There was sufficient evidence to support the judgment. The trial court's reference to an Indiana statute as a counter-example was not fundamental error.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

---

[1] An urban district is defined by the Indiana Code to mean "the territory contiguous to and including any street that is built up with structures devoted to business, industry, or dwelling houses situated at intervals of less than two hundred (200) feet for a distance of at least one-fourth (1/4) mile." I.C. § 9-13-2-193.