## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 14 2017, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donna Jameson
Greenwood, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Paternity of Connor Ricciardi; | July 14, 2017 |
| Korey Ricciardi, | Court of Appeals Case No. 49A05-1701-JP-61 |
| *Appellant-Petitioner,* | Appeal from the Marion Superior Court |
| v. | The Honorable Timothy Oakes, Special Judge |
| Christina Feiock, | Trial Court Cause No. 49D02-1003-JP-10744 |
| *Appellee-Respondent.* | |

**Robb, Judge.**

# Case Summary and Issue

[1] Korey Ricciardi ("Father") appeals the trial court's denial of his petition to modify parenting time. He raises one issue, which we restate as whether the trial court abused its discretion when it denied him a hearing on his petition to modify parenting time. Concluding the trial court abused its discretion in not holding a hearing, we reverse and remand.

# Facts and Procedural History

[2] Father and Christina Feiock ("Mother") are the parents of C.R., who was born in October of 2006. Father obtained sole legal and physical custody of C.R. in May of 2015. Mother appealed the trial court's order and we affirmed. *See Feiock v. Ricciardi*, No. 49A02-1506-JP-611 (Ind. Ct. App. Feb. 16, 2016). In June of 2016, Mother filed an emergency motion to modify custody. A hearing was scheduled on Mother's emergency motion for October 25, 2016.

[3] On October 20, 2016, Father filed an emergency petition to modify parenting time, seeking supervised parenting time for Mother. Father alleged, in part, Mother disagreed with and refused to follow the health treatment plan for C.R. that Father was pursuing; continued to report Father to the Department of Child Services after its supervisors deemed her previous allegations unsubstantiated, thereby subjecting C.R. to numerous investigations; accused C.R. of being violent and touching himself, and made those accusations in front of C.R.; and made unilateral decisions detrimental to C.R.'s physical and

emotional well-being. Father also submitted a proposed order to appear that would have set a hearing on his petition for the same date and time as the hearing already scheduled on Mother's motion. The trial court did not sign the order prior to the October 25 hearing.

At the conclusion of the hearing on Mother's motion, the trial court denied her motion to modify custody. The next day, the trial court denied Father's proposed order to appear and request for a hearing regarding his petition to modify parenting time. The trial court's order states, "Court deems matter moot as [Father] was asked in Open Court on 10/25/16 if there was anything else to be heard and responded in the negative." Appendix of Appellant Korey Ricciardi, Volume II at 21. This court granted Father's motion to file a belated appeal on January 27, 2017.

# Discussion and Decision

## I. Standard of Review

A decision about parenting time requires us to give foremost consideration to the best interests of the child. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). Generally, parenting time decisions are reviewed for an abuse of discretion. *Id.* An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Russell v. Russell*, 682 N.E.2d 513, 515 (Ind. 1997). If the record reveals a rational basis for the trial court's determination, there is no abuse of discretion. *In re Paternity of G.R.G.*, 829 N.E.2d 114, 122 (Ind. Ct. App. 2005).

[6] We note Mother did not file an appellee's brief. We apply a less stringent standard of review with respect to showings of reversible error when an appellee fails to file a brief. *Zoller v. Zoller*, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). We will not undertake the burden of developing the arguments for the appellee, and we may reverse if the appellant establishes prima facie error. *Id.* When the appellant fails to sustain that burden, we will affirm. *Murfitt v. Murfitt*, 809 N.E.2d 332, 333 (Ind. Ct. App. 2004).

## II. Denial of Father's Motion

[7] Father contends the trial court abused its discretion in denying his petition to modify parenting time. Specifically, he claims the trial court's reliance on his statements made at the hearing on Mother's motion was against the logic and effect of the facts and circumstances before the court.

[8] The trial court asked Father "if there was anything else to be heard" during the hearing on Mother's motion to modify custody. Father's petition to modify parenting time was not at issue, nor even scheduled, when he responded in the negative. As a result, Father could have reasonably understood the trial court's question to refer to whether Father had anything else to add regarding Mother's motion rather than referring to whether Father had any additional issues to address. Denying Father's petition to modify Mother's parenting time based on serious allegations that her behavior was impacting C.R.'s best interests without a hearing and when Father did not affirmatively withdraw his petition is against the logic and effect of the facts and circumstances presented here. Recognizing

Mother did not file an appellee's brief, we conclude Father has established prima facie error in the trial court's determination that his petition is moot. Father is entitled to his day in court, and we therefore reverse the trial court's denial of Father's petition and remand for a hearing.

# Conclusion

Concluding the trial court abused its discretion, we reverse and remand for further proceedings.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.