

**FILED**

Mar 06 2024, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Charles P. Rice
Murphy Rice, LLP
Mishawaka, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Adoption of Baby Girl; | March 6, 2024 |
| C.M. and K.M., | Court of Appeals Case No. 23A-AD-1590 |
| *Appellants-Petitioners* | Appeal from the Marion Superior Court |
| ──────────────────────── | The Honorable Ryan K. Gardner, Judge |
| In the Matter of the Paternity of | Trial Court Cause Nos. 49D10-2208-AD-29367 49D10-2301-JP-17 |
| L.A. (Minor Child); | |
| Y.N. | |
| *Appellee-Plaintiff* | |
| v | |
| K.Q.A. | |
| *Respondent* | |
| and | |
| C.M. and K.M. | |



*Appellants-Intervenors*

**Opinion by Judge Pyle**

Judges Tavitas and Foley concur.

**Pyle, Judge.**

## Statement of the Case

C.M. and K.M. ("Adoptive Parents") appeal the trial court's order, which established Y.N.'s ("Putative Father") paternity of L.A. ("L.A."). Adoptive Parents argue that Putative Father was barred from establishing paternity because his consent to L.A.'s adoption had been irrevocably implied when he failed to timely register with the Putative Father Registry ("the Registry"). Concluding that Putative Father's consent to L.A.'s adoption had been irrevocably implied as a result of his failure to timely register with the Registry and that he was, therefore, barred from challenging the adoption or establishing paternity, we reverse the trial court's judgment.

We reverse.

## Issue

> Whether Putative Father was barred from establishing paternity because his consent to L.A.'s adoption had been irrevocably implied when he failed to timely register with the Registry.

## Facts

[3] K.Q.A. ("K.Q.A.") gave birth to L.A. on August 15, 2022. Two days later, on August 17, 2022, K.Q.A. executed a consent to the adoption of L.A. Pursuant to the terms of this consent, K.Q.A. surrendered care and control of L.A. to KidsFirst Adoption Services, LLC ("KidsFirst") and granted KidsFirst the authority to place L.A. for adoption. Also on August 17, 2022, K.Q.A. executed an affidavit of birthfather identity, wherein she stated that she was unwilling to name L.A.'s biological father. That same day, Adoptive Parents took custody of L.A. One week later, on August 25, 2022, Adoptive Parents filed a petition to adopt L.A.

[4] On September 29, 2022, Adoptive Parents filed a motion for determination, wherein they stated that Putative Father had registered with the Putative Father Registry on September 23, 2022. Adoptive Parents' motion further provides, in relevant part, as follows:

> 6. The applicable statute, Section 31-19-5-12 – Time of registration, provides that:
>
>   (a)   To be entitled to notice of an adoption under IC 31-19-3 or IC 31-19-4, a putative father must register with the state department of health under section 5 of this chapter not later than:

> (1) thirty (30) days after the child's birth; or
>
> (2) the earlier of the date of the filing of a petition for the:
>
>> (A) child's adoption; or
>>
>> (B) termination of the parent-child relationship between the child and the mother;
>
> whichever occurs later.

7. The Putative Father's registration with the Division of Vital Records was completed thirty-nine (39) days after the date the Child was born. The Petition for Adoption was filed on an earlier date. Therefore, the Putative Father's registration with the Putative Father Registry was not made in accordance with the applicable statute, and was not timely filed.

8. Section 31-19-5-18 – Waiver of notice of rights of unregistered putative fathers; irrevocably implied consent to adoption, states that:

> A putative father who fails to register within the period specified by section 12 of this chapter waives notice of an adoption proceeding. The putative father's waiver under this section constitutes an irrevocably implied consent to the child's adoption.

9. According to the applicable statute, Putative Father failed to file with the Putative Father Registry on a timely basis and therefore is not entitled to notice of the adoption proceedings, and his consent to the adoption is irrevocably implied.

10. [Adoptive Parents] hereby request[] that the Court enter an order confirming that Putative Father is not entitled to

notice of the adoption proceedings and that his consent to the adoption is irrevocably implied.

(App. Vol. 2 at 11-12).

[5] One day later, on September 30, 2022, the trial court found that Putative Father had timely registered with the Registry and denied Adoptive Parents' motion for determination. The trial court's order specifically provides as follows:

> A putative father who registers within thirty days after the child's birth or the date the adoption petition is filed, whichever occurs later, is entitled to notice of the adoption. In re Paternity of G.W., 983 N.E.2d 1193, 1197 (Ind. Ct. App. 2013). The adoption petition was filed on 8/26/22, and the putative father was registered on 9/23/22.

(App. Vol. 2 at 16).

[6] On October 10, 2022, Adoptive Parents filed a motion to correct error, wherein they argued, in relevant part, as follows:

> 7. The Court's interpretation [of INDIANA CODE § 31-19-5-12] is at odds with the applicable statute and case law interpreting that statute and is clear error.

> 8. The applicable statute, Section 31-19-5-12 – Time of registration, provides that:

> (a) To be entitled to notice of an adoption under IC 31-19-3 or IC 31-19-4, a putative father must register with the state department of health under section 5 of this chapter not later than:

> (1) **thirty (30) days after** the child's birth; or

**(2)** the earlier of **the date of the filing of a petition** for the:

    **(A)** child's adoption; or

    **(B)** the termination of the parent-child relationship between the child and the child's mother:

whichever occurs later (emphasis added).

\*     \*     \*     \*     \*

10. Based on the application of the statute, the pertinent dates would be September 14, 2022 (thirty (30) days after the date of the child's birth) and August 26, 2022 (the date of the filing of the petition[)]. The Court's erroneous ruling is at odds with the Court of Appeals interpretation of the statute: That the thirty (30) day period is only applied to the date of the child's birth, not the date the petition was filed.

11. These time limitations are supported by State Form 46750, Indiana Putative Father Registration, which clearly states the following: "Return this completed form to the Indiana Putative Father Registry **within thirty (30) days after the birth of the child** or **prior to the filing of the petition for adoption** (emphasis added).

12. The Putative Father's registration with the Division of Vital Records was completed thirty-nine (39) days after the date the Child was born, and nine (9) days after the time period for registering had passed. The Petition for Adoption had been filed on an earlier date. Therefore, the Putative Father's registration with the Putative Father Registry was not made in accordance with the applicable statute, and was not timely filed.

\*     \*     \*     \*     \*

15. [Adoptive Parents] hereby request[] that the Court correct the error of denying [their] motion and enter an order confirming that Putative Father is not entitled to notice of the adoption proceedings and that his consent to the adoption is irrevocably implied.

(App. Vol. 2 at 18-19).

The following day, October 11, 2022, the trial court denied Adoptive Parents' motion to correct error. The trial court's order provides as follows:

> The Court of Appeals has routinely held that a "putative father who registers within thirty days after the child's birth or the date the adoption petition is filed, whichever occurs later, is entitled to notice of the child's adoption." In re K.G.B., 18 N.E.3d 292, 298 (Ind. Ct. App. 2014); In re Paternity of G.W., 983 N.E.2d 1193, 1197 (Ind. Ct. App. 2013); In re Adoption of J.D.C., 751 N.E.2d 747, 749 (Ind. Ct. App. 2001).

(App. Vol. 2 at 20).

On October 21, 2022, the trial court certified its orders for interlocutory appeal. However, on December 5, 2022, this Court denied Adoptive Parents' motion to accept jurisdiction of the interlocutory appeal.

On December 8, 2022, Adoptive Parents served Putative Father with notice of the adoption. This notice advised Putative Father that if he wanted to contest the adoption, he had to "file a motion to contest the adoption in accordance with IC 31-19-10-1 in the [Marion Superior Court] not later than thirty (30) days after the date of service of this notice." (App. Vol. 2 at 36).

On January 3, 2023, Putative Father filed an action to establish paternity of L.A. Adoptive Parents filed a motion to consolidate the adoption action and the paternity action, which the trial court granted. Putative Father did not file a motion to contest the adoption.

On January 13, 2023, Adoptive Parents filed a motion for determination that Putative Father's consent to the adoption was not required because Putative Father had failed to file a motion to contest the adoption within thirty days of receiving the notice of adoption. On January 20, 2023, the trial court denied Adoptive Parents' motion. Adoptive Parents filed a motion to reconsider on February 2 2023. After holding a hearing, the trial court denied Adoptive Parents' motion to reconsider on April 13, 2023.

In June 2023, Adoptive Parents filed a DNA test report, which revealed that Putative Father is L.A.'s biological father. In July 2023, the trial court issued an order establishing Putative Father's paternity of L.A. In addition, the trial court made "an express determination that there [was] no just reason for delay and expressly direct[ed] entry of a final appealable judgment of the judgment of paternity." (App. Vol. 2 at 77).

Adoptive Parents now appeal.

## Decision

Adoptive Parents argue that Putative Father was barred from establishing paternity because his consent to L.A.'s adoption had been irrevocably implied when he failed to timely register with the Registry. We agree.

[15] At the outset, we note that Putative Father did not file an appellee's brief. When an appellee fails to file a brief, we do not undertake the burden of developing arguments for him, and we apply a less stringent standard of review. *Zoller v. Zoller*, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). We may reverse if the appellant establishes prima facie error. *Id*. Prima facie is defined as "at first sight, on first appearance, or on the face of it." *Graziani v. D & R Construction*, 39 N.E.3d 688, 690 (Ind. Ct. App. 2015). "This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee." *Bixler v. Delano*, 185 N.E.3d 875, 878 (Ind. Ct. App. 2022). "Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required." *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind. Ct. App. 2014).

[16] We further note that a brief overview of the Registry is helpful. Indiana established the Registry in 1994. *In re Adoption of K.G.B.*, 18 N.E.3d 292, 296 (Ind. Ct. App. 2014). The purpose of the Registry "is to provide notice to a putative father that a petition for adoption has been filed." *Id*. at 297. A "putative father" for purposes of the adoption statutes is a male who is alleged to be or claims that he may be a child's father but who is not statutorily presumed to be the child's father and has not established paternity before the filing of an adoption petition. INDIANA CODE § 31-9-2-100. "The Registry serves in part to preserve a father's right to oppose an adoption while simultaneously assuring the biological mother and adoptive parents that, when

a putative father fails to register after a set time, an adoption can proceed without apprehension that it might later be upended." *In re B.W.*, 908 N.E.2d 586, 587 n.3 (Ind. 2009). Further, "Indiana has a strong interest in providing stable homes for children. To this end, early, permanent placement of children with adoptive families furthers the interest of both the child and the state." *In re Paternity of Baby Doe*, 734 N.E.2d 281, 287 (Ind. Ct. App. 2000) (cleaned up).

[17] Statutes governing a putative father's registration on the Registry apply whenever:

> (1) an adoption under IC 31-19-2 has been or may be filed regarding a child who may have been conceived by the putative father; and
>
> (2) on or before the date the child's mother executes a consent to the child's adoption, the child's mother has not disclosed the name or address, or both, of the putative father to the attorney or agency that is arranging the child's adoption.

I.C. § 31-19-5-1(a).[1]

> If, on or before the date the mother of the child executes a consent to the child's adoption, the mother does not disclose to an attorney or agency that:
>
> > (1) is arranging; or
> >
> > (2) may arrange;

---

[1] However, the putative father registry statutes do not apply "if, on or before the date the child's mother executes a consent to the child's adoption, the child's mother discloses the name and address of the putative father to the attorney or agency that is arranging the child's adoption." I.C. § 31-19-5-1(b).

an adoption of the child the name or address, or both, of the putative father of the child, the putative father must register under this chapter to entitle the putative father to notice of the child's adoption.

I.C. § 31-19-5-5.

[18] Further, the version of the statute in effect at the time Adoptive Parents filed the petition to adopt L.A. provided as follows:

(a) To be entitled to notice of an adoption under IC 31-19-3 or IC 31-19-4, a putative father must register with the state department of health under section 5 of this chapter no later than:

(1) thirty (30) days after the child's birth; or

(2) the earlier of the date of the filing of the petition for the:

(A) child's adoption; or

(B) the termination of the parent-child relationship between the child and the child's mother;

whichever occurs later.

I.C. § 31-19-5-12(a).[2] Additionally, "[a] putative father may register under subsection (a) before the child's birth." I.C. § 31-19-5-12(b).

---

[2] The legislature amended the statue effective July 2023. Specifically, the legislature changed the "state department of health" to the "state department." Thus, the substance of the statute remained the same.

[19] "A putative father who fails to register within the period specified by [INDIANA CODE § 31-19-5-12(a)] waives notice of an adoption proceeding. The putative father's waiver under this section constitutes an irrevocably implied consent to the child's adoption." I.C. § 31-19-5-18. *See also* I.C. § 31-19-9-12 (providing that "[a] putative father's consent to adoption is irrevocably implied without further court action if the putative father . . . (4) is required to but fails to register with the putative father registry established by IC 31-19-5 within the period under IC 31-19-5-12").

[20] Further, a putative father "whose consent to adoption is [irrevocably] implied under . . . IC 31-19-5-18 is not entitled to challenge: (1) the adoption; or (2) the validity of the putative father's implied consent to the adoption." I.C. § 31-19-9-13. In addition, a putative father whose consent to an adoption has been irrevocably implied may not establish paternity. *K.G.B.*, 18 N.E.3d at 297; *see also* I.C. § 31-19-9-14 (stating that a putative father whose consent to the adoption has been statutorily irrevocably implied is not entitled to establish paternity of the child).

[21] Here, K.Q.A. did not disclose the name or address of Putative Father. Therefore, in order to be entitled to notice of the adoption, Putative Father was required to comply with INDIANA CODE § 31-19-5-12, which, as set forth above, provided as follows at the time Adoptive Parents filed the petition to adopt L.A.:

> (a) To be entitled to notice of an adoption under IC 31-19-3 or IC 31-19-4, a putative father must register with the state

department of health under section 5 of this chapter not later than:

(1)     thirty (30) days after the child's birth; or

(2)     the earlier of the date of the filing of the petition for the:

   (A)     child's adoption; or

   (B)     the termination of the parent-child relationship between the child and the child's mother;

whichever occurs later.

[22]     The trial court interpreted this statute to allow Putative Father to register with the Registry not later than thirty days after the date of filing of the adoption petition.[3] Adoptive Parents argue that "the Trial Court mistakenly interpreted

---

[3] We note that the trial court's order denying Adoptive Parents' motion to correct error found that this Court "has routinely held that 'a putative father who registers within thirty days after the child's birth or the date the adoption petition is filed, whichever occurs later, is entitled to notice of the child's adoption.'" (App. Vol. 2 at 20). In support of this finding, the trial court cited *In re K.G.B.*, 18 N.E.3d 292, 298 (Ind. Ct. App. 2014), *In re Paternity of G.W.*, 983 N.E.2d 1193, 1197 (Ind. Ct. App. 2013), and *In re Adoption of J.D.C.*, 751 N.E.2d 747, 749 (Ind. Ct. App. 2001). We have reviewed these cases and are not convinced that they stand for the proposition that the thirty-day statutory deadline applies to both the child's birth and the date the adoption petition is filed. Rather, the language used in these cases simply tracks the language of the statute. For example, in *G.W.*, 983 N.E.2d at 1197, we stated that "[a] putative father who registers within thirty days after the child's birth or the date the adoption petition is filed, whichever occurs later, is entitled to notice of the child's adoption. I.C. § 31-19-5-[12.]" We used the same language in *J.D.C.*, 751 N.E.2d at 749. Further, these cases are not dispositive because the putative fathers in both cases failed to register with the Registry.

In addition, although we used the same language in *K.G.B.*, we also set forth the statutory language as follows:

   In order to be entitled to notice of an adoption, a putative father must register with the DOH not later than "(1) thirty (30) days after the child's birth; or (2) the earlier of the date of the filing of a petition for the: (A) child's adoption; or (B) termination of the parent-child relationship between the child and the child's mother; whichever occurs later. Ind. Code § 31-19-5-12(a).

*K.G.B.*, 18 N.E.3d at 297. Further, in our analysis, we explained as follows: "In the instant matter, Putative Father acknowledges that he failed to register with the Registry within thirty days of the child's birth or by the date that

IC 31-19-5-12(a) to allow [Putative Father] 30 days from the date of the filing of the adoption petition – not 30 days from the birth – to register with the [Registry]." (Adoptive Parents' Br. 13). We agree with Adoptive Parents.

[23] The outcome in this case turns on the interpretation of INDIANA CODE § 31-19-5-12(a) because if the trial court properly interpreted the statute, Putative Father's registration with the Registry was timely. However, if Adoptive Parents are correct that the trial court misinterpreted the statute, Putative Father's registration with the Registry was not timely. And, if Putative Father's registration was untimely, his consent to the adoption was irrevocably implied and he was barred from establishing paternity of L.A.

[24] The interpretation of a statute is a question of law that we review de novo. *In re Adoption of E.S.J.*, 219 N.E.3d 780, 782 (Ind. Ct. App. 2023). Thus, we owe no deference to the trial court's interpretation of a statute. *Matter of Croney*, 204 N.E.3d 240, 241 (Ind. Ct. App. 2022). We interpret statutes with the primary goal of determining and fulfilling the legislature's intent. *Falletti v. State*, 209 N.E.3d 456, 460 (Ind. Ct. App. 2023). The best evidence of legislative intent is the language of the statute. *Id.* "If that language is clear and unambiguous, we

---

T.B. filed the adoption petition." *Id.* at 298. In sum, none of these cases support the trial court's finding that Putative Father timely registered with the Registry.

simply apply its plain and ordinary meaning, heeding both what it 'does say' and what it 'does not say.'" *Mi.D. v. State*, 57 N.E.3d 809, 812 (Ind. 2016).

[25] INDIANA CODE § 31-19-5-12(a) provides that a putative father must register with the Registry by the later of two dates, which are set forth in subsections (1) and (2). INDIANA CODE § 31-19-5-12(a)(1) "does say" that one of those dates is not later than thirty days after the child's birth. However, INDIANA CODE § 31-19-5-12(a)(2) "does not say" that the other of those dates is not later than thirty days after the date of the filing of the adoption petition. Instead, it simply reads the date of the filing of the petition for the child's adoption.

[26] We further note that had the legislature intended for the thirty days to apply to both subsections (1) and (2), the legislature could have included the thirty-day time period in subsection (a). Or, the legislature could have repeated the thirty-day time period in subsection (2). The legislature did neither.

[27] We, therefore, conclude that to comply with INDIANA CODE § 31-19-5-12(a) and to be entitled to notice of an adoption, a putative father must register with the Registry not later than thirty days after the child is born *or* not later than the date of the filing of the adoption petition, whichever date occurs later.

[28] As Adoptive Parents pointed out in their motion to correct error, this interpretation of the statute is consistent with the language used in the Indiana Putative Father's Registration form. Specifically, that form instructs a putative father to "[r]eturn this completed form to the Indiana Putative Father Registry within thirty (30) days after the birth of the child or prior to the filing of the

adoption petition." (App. Vol. 2 at 14). The form does not instruct the putative father to return the form to the Registry within thirty days after the filing of the adoption petition.

[29] In addition, this interpretation of the statute is consistent with our analysis of the statute in *In re Adoption and Paternity of K.A.W.*, 99 N.E.3d 724 (Ind. Ct. App. 2018) and in *In re I.J.*, 39 N.E.3d 1184 (Ind. Ct. App. 2015). Specifically, in *K.A.W.*, we stated as follows:

> To comply with Indiana Code section 31-19-5-12, Putative Father was required to register within thirty days of Child's birth or by the date on which Adoptive Parents filed their petition to adopt Child. I.C. § 31-19-5-12(a). It is undisputed that Putative Father did not meet either of these deadlines. Instead, he did not register as a putative father until Child was over three years old and the adoption petition had been pending for eighteen months. As such, the trial court did not err by finding that his consent to the adoption was irrevocably implied.

*K.A.W.*, 99 N.E.3d at 726-27 (footnote omitted).

[30] Further, in *I.J.*, we stated as follows:

> The trial court determined T.M.'s registration was untimely under that statute because it occurred after the filing of the petition for adoption. (Appellant's Br. at 16.) However, pursuant to the statute, a putative father would still be entitled to notice of an adoption if he registered "no later than . . . thirty (30) days after the child's birth . . .," Ind.Code § 31-10-5-[1]2(a), because the deadline is thirty days after the birth *or* the date the petition is filed, "*whichever occurs later*." *Id*. (emphasis added). T.M. registered after the petition for adoption was filed, but that

does not foreclose his right to challenge the adoption if he registered before I.J. was thirty days old.

*I.J.*, 39 N.E.3d at 1187. *See also Adoption of B.Y.N.*, No. 23A-AD-130, at *2 (Ind. Ct. App. June 27, 2023) (mem) (stating that "[t]o comply with Indiana Code section 31-19-5-12, Father was required to register within thirty days of Child's birth or by the date on which Adoptive Parents filed their petition to adopt Child, whichever occurred later.") Although the interpretation of the statute was not dispositive in any of these cases, the language that we used in them is consistent with the interpretation of the statute that we set forth today.

[31] Applying our interpretation of the statute to the facts of this case, we note that L.A. was born on August 15, 2022, and Adoptive Parents filed a petition to adopt L.A. on August 25, 2022. Thus, pursuant to the terms of the statute, Putative Father was required to register with the Registry no later than thirty days after L.A.'s birth, which would have been September 14, 2022; or the date of the filing of the adoption petition, which was August 25, 2022. The later of these dates is September 14, 2022. However, Putative Father did not register with the Registry until September 23, 2022. Putative Father's registration was untimely because it was nine days past the statutory deadline. Pursuant to INDIANA CODE § 31-19-5-18, Putative Father's consent to the adoption was, therefore, irrevocably implied, and Putative Father was barred from challenging the adoption or establishing paternity. Accordingly, the trial court erred in

entering an order establishing Putative Father's paternity, and we reverse the trial court's judgment.[4]

Reversed.

Tavitas, J., and Foley, J., concur.

---

[4] Adoptive Parents further argue that Putative Father's consent to the adoption was also irrevocably implied because he failed to file a motion to contest the adoption within thirty days of service of the notice of adoption. However, because we have concluded that Putative Father's consent to the adoption was irrevocably implied because he failed to timely register with the Registry, thereby precluding him from establishing paternity, we need not address this issue.