FILED

Jun 13 2025, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court





# IN THE
# Court of Appeals of Indiana

Jonathan Maw,

*Appellant-Respondent*

v.

Elizabeth Pringle,

*Appellee-Petitioner*

---

June 13, 2025

Court of Appeals Case No.
24A-DC-2740

Appeal from the Putnam Circuit Court

The Honorable Matthew L. Headley, Judge

Trial Court Cause No.
67C01-1903-DC-29

---

**Opinion by Judge DeBoer**

Judges Bailey and Vaidik concur.

**DeBoer, Judge.**

## Case Summary

[1] Jonathan Maw (Father) appeals the trial court's denial of his request for parenting time. On appeal, Father raises three evidence-related arguments that are incapable of appellate review due to his failure to provide a transcript or other record of the proceedings below. Therefore, we affirm.

## Facts and Procedural History

Father and Elizabeth Pringle (Mother) were married for three months and had one child (Child) together before Mother petitioned to dissolve the marriage on March 11, 2019. The dissolution Decree entered later that year granted sole legal and physical custody of Child to Mother. Noting that Father was incarcerated, the Decree specified that Father would not be granted parenting time but was free to petition for it upon his release.

[2] About a week after Mother filed for divorce, the State charged Father with molesting Mother's daughter, G.T., from another relationship.[1] Father pled

---

[1] Pursuant to Indiana Rule of Evidence 201(b)(5), we take judicial notice of *State v. Maw*, Cause No. 67D01-1903-F1-279, the criminal proceeding brought against Father for child molestation, and all records related to the case.

guilty to Level 1 felony child molesting and is currently serving a thirty-year modified sentence—twenty years executed, and ten years suspended with five years on reporting probation and five years on non-reporting probation. His estimated release date is September 2033. The sentencing court issued a no contact order in 2021 prohibiting Father from all contact with G.T. throughout his sentence, including while he is on probation. Mother now lives in Florida with all her children.

[3] Since 2022, Father has repeatedly requested contact and parenting time with Child. *See* Appellant's Appendix Vol. 2 at 4-5. The trial court consistently denied his requests without hearing, stating that his petition for parenting time would not be considered while he was incarcerated. Most recently, on August 16, 2024, Father filed a Motion for Court Order Granting Parenting Time. The trial court similarly denied this request without hearing because Father was still incarcerated.

[4] Two weeks later, Father filed a Petition for Hearing on Parenting Time. The trial court granted his petition, and a hearing was held on October 21, at which both Father and Mother appeared[2] and presented evidence. Two days later, the trial court issued its order denying Father's request for parenting time, finding in relevant part:

---

[2] Both parties appeared virtually by Zoom.

7. [Child] is now 7 years old.

8. [G.T.] was approximately 12 years old at time of molestation.

9. Court asked [F]ather how old [G.T.] (who was molested) was when he started molesting her—to which [F]ather would not answer.

10. [Mother] offered that [Father] has been convicted of felony battery on her (when she was 9 months pregnant with this child) which caused her to go to hospital in southern Indiana for her and unborn child's safety/welfare check.

11. Mother also offered that [F]ather was also convicted of felony battery on her minor son, . . . in Posey County [] which he was on probation for when he committed the child molest. She believes that after his molest sentence is served, that he will have to still answer for the petition to revoke probation in that case.

12. Child subject to this action, and the one that [Father] molested live in same household.

13. There is a No Contact Order issue [sic] out of the molest case for [G.T.]—one that by operation of Indiana Law, will continue throughout his probation time.

14. [Mother] described this child as "doing fantastic",[sic] doesn't even know [Father] exists and is fearful of the emotional impact it may cause the child.

15. [Father] admits he was and still is dealing with mental illness issues.

Appellant's App. Vol. 2 at 10.

[5] The trial court concluded, "[i]t is clearly not in the best interest of the child to have to endure parents [sic] time with a man who molested her sister, battered her brother and battered her mother" and that Indiana Code section 31-17-4-2 "prevents father from having parenting time under these facts." *Id.* at 12. Father appeals, challenging the trial court's denial of his request for parenting time. He asked this Court to order the court reporter to produce a transcript of proceedings. However, we denied his request because Father did not arrange for the preparation of the transcript and therefore was not entitled to the transcript. Father ultimately did not file with this Court any transcript or any other record of the hearing from which the appealed order arose.

## Discussion and Decision

[6] Parenting time decisions are reviewed for abuse of discretion and require us to "give foremost consideration to the best interests of the child." *Meisberger v. Bishop*, 15 N.E.3d 653, 656 (Ind. Ct. App. 2014); (citing *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013)). There is no abuse of discretion if the record reveals a rational basis for the trial court's decision. *Id.* We will neither reweigh the evidence nor reassess the credibility of witnesses. *Id.* Any questions of law are reviewed de novo. *Id.*

[7] As a preliminary matter, we acknowledge that Father proceeds in this case pro se and we note that "such litigants are held to the same standard as trained

counsel and are required to follow procedural rules." *Id.* When an appellant elects to represent himself, we will not "indulge in any benevolent presumptions on [his] behalf, or waive any rule for the orderly and proper conduct of [his] appeal." *Id.* (quoting *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 679 n. 1 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*).

[8] We also note that Mother did not file an appellee brief, and we will not assume the burden of developing arguments on her behalf. *Id.* When an appellee fails to file a brief, we apply a less stringent standard of review, allowing us to reverse if the appellant establishes prima facie error. *Id.* Prima facie error "is an error at first sight, on first appearance, or on the face of it." *Zoller v. Zoller*, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006).

[9] Father raises three primary arguments on appeal. First, he contends that the trial court violated his Fifth Amendment right against self-incrimination by questioning him about the child molestation to which he pled guilty in 2019. Second, Father claims that the trial court improperly admitted evidence of his previous convictions. Lastly, Father challenges the sufficiency of the evidence supporting the trial court's finding under Indiana Code section 31-17-4-2 that Father's contact would endanger Child and would not serve Child's best interests. Father appears to suggest that the trial court should have at least ordered supervised contact with Child.

[10]     We cannot review these claims because they rest on information we lack. Aside from the court's findings and Father's mere allegations, some of which conflict with the trial court's recitation of events, we have no documentation as to what transpired during the hearing because Father did not provide a transcript or other record of it as required by Indiana Appellate Rule 9(F)(5). This rule requires an appellant's Notice of Appeal to designate "all portions of the Transcript necessary to present fairly and decide the issues on appeal." Ind. R. App. P. 9(F)(5). The rule also states that "[i]f the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence," he must request a transcript of all the evidence in his Notice of Appeal. *Id.* Our Supreme Court has held that "[a]lthough not fatal to the appeal, . . . failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *Campbell v. Criterion Grp.*, 605 N.E.2d 150, 160 (Ind. 1992) (internal citation omitted).

[11]     We recognize that Father submitted a Motion for Copy of Transcript and a Motion to Compel Transcript and that both were denied by this Court because Father did not arrange to pay for preparation of the transcript. We also note that Father filed an Affidavit Authorizing Pauper Status. Although preparing transcripts can be expensive, especially for indigent appellants, our Supreme Court has observed that this "does not dictate . . . the conclusion that indigent civil appellants are entitled to have a complete record of the proceedings,

including a transcription, prepared for them at public expense." *Id.* In other words, indigency does not entitle an appellant to a free copy of a transcript of the proceedings.

[12] But indigent appellants are not left without recourse. In *Campbell*, our Supreme Court explained that Indiana's appellate rules provide an alternate avenue for producing a record when a transcript is unavailable, including unavailability due to indigency.[3] *Id.* Indiana Appellate Rule 31(A) reads as follows:

> If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency. The statement of evidence shall be submitted with the motion.

[13] Here, there is no indication that Father attempted to produce a statement of the evidence pursuant to Ind. Appellate Rule 31, nor has he demonstrated that preparing a statement of the evidence would be inadequate to review the issues he raises. Without access to a transcription of the testimony or any record of the evidence presented, we cannot analyze any of Father's claims because they all

---

[3] At the time *Campbell* was decided, the applicable rule was Indiana Appellate Rule 7.2(A)(3)(c), which is substantially similar to the current Indiana Appellate Rule 31. The appellate rule governing an appellant's creation of a statement of the evidence became Ind. Appellate Rule 31 in the year 2001. The 2001-version of the rule is substantively identical to the current version. *See Meisberger*, 15 N.E.3d at 658 n. 5.

rely on a review of the evidence presented at the hearing. The absence of a transcript or other record waives his arguments. *See, e.g.*, *Meisberger*, 15 N.E.3d at 659 (holding that the father's arguments that required review of the evidence or testimony presented at the hearing were waived because he failed to produce a transcript or statement of the evidence); *Fields v. Conforti*, 868 N.E.2d 507, 511 (Ind. Ct. App. 2007) (explaining that the appellant's arguments that depended upon the evidence at trial were waived by appellant's failure to submit a transcript of the bench trial).

[14] With his evidence-related arguments waived, and having made no arguments for us to review de novo, Father has failed to show that the trial court abused its discretion. Therefore, we affirm the trial court's judgment.

## Conclusion

[15] Father's failure to provide a record of the parenting time hearing waives his evidence-related arguments, and he fails to show the trial court abused its discretion by denying his request for parenting time. Therefore, we affirm the judgment of the trial court.

[16] Affirmed.

Bailey, J., and Vaidik, J., concur.

APPELLANT PRO SE

Jonathan Maw
New Castle, Indiana